IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No.:8:14-cv-02314-VCM-TMB

ERIC SCHUMANN,

    Plaintiff,

v.

OXFORD LAW, LLC,

    Defendant.

_____/

## PLAINTIFF, ERIC SCHUMANN'S, MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, OXFORD LAW, LLC

Plaintiff, ERIC SCHUMANN, by and through undersigned counsel and pursuant to Rule 55(b)(1), hereby requests entry of a Final Default Judgment against Defendant, OXFORD LAW, LLC. In support of this request, Plaintiff relies upon the record of this case and declarations submitted herewith.[1]

### FACTUAL ALLEGATIONS

On or about November 19, 2013, Plaintiff received a call from Defendant ("First Call"). During the First Call, Defendant began requesting personal information from Plaintiff. Plaintiff informed Defendant that he was unsure of the alleged debt and that he had been the victim of identity theft. As such, Plaintiff refused to provide personal information over the phone without written confirmation of Defendant's identity. Defendant's agent referenced a written demand to Plaintiff from Defendant, but Plaintiff had not received same at the time of the call. Due to Plaintiff's continuing fears arising from the identity theft, Plaintiff continued to refuse to provide his personal information over the telephone to Defendant's agent. Defendant's agent was

---

[1] A Declaration of No Answer and Declaration of Time are attached hereto as Exhibits "1" and "2" in support of this Motion.

frustrated by Plaintiff's decision and began to verbally harass Plaintiff and stated that Defendant would track Plaintiff down and make his life horrible. In furtherance of Defendant's agent's threat to "track Plaintiff down and make Plaintiff's life horrible", Defendant began contacting Plaintiff's brother via telephone. On or about November 20, 2013, Plaintiff's brother, John Schumann ("Brother"), received a telephone call from Defendant's agent that went to voicemail. Defendant's agent left a voicemail that provided the Brother with Plaintiff's account number and a request to provide a return call to Defendant. The Brother then received a second call and a second voicemail wherein Defendant's agent once again provided Plaintiff's account number and requested a call back from the Brother. Believing that the two (2) voicemails left by Defendant's agent related to his own personal affairs, the Brother returned Defendant's telephone call ("Return Call"). During the Return Call, the Brother referenced Plaintiff's account number that had been provided Defendant's agent in the two (2) voicemails left on the Brother's telephone. As a result, Defendant's agent began a course disclosing personal, confidential information relating to Plaintiff, including, but not limited to, disclosing to the Brother that Plaintiff owed a debt and that Defendant was attempting to collect same. Defendant's disclosures to Plaintiff's Brother, while Defendant was attempting to collect a debt, was done in violation of the FDCPA.

In addition, Plaintiff eventually received the demand letter referenced by Defendant's agent during the First Call. The demand from Defendant was dated November 18, 2013 and provided that the original creditor was "CHASE-WAMU". However, Defendant's client was "MSW CAPITAL". The amount allegedly due was Ten Thousand Six Hundred Seventy-Two Dollars and fifty-six cents ($10,672.56) ("Demand"). Prior to being engaged by Defendant, Plaintiff received a demand from a different collection company ("Original Demand"). The Original Demand received by Plaintiff was dated May 9, 2013, and provided that the original creditor was "CHASE-WAMU",

that the current creditor was "MSW CAPITAL, LLC" and that the total amount due was only Seven Thousand Eight Hundred Fifty-One Dollars and fifty cents ($7,851.50). The Original Demand and Defendant's Demand are seeking to collect the same alleged debt, but in different amounts. Between the Original Demand and Defendant's Demand, only one hundred ninety-three (193) days passed. During this one hundred and ninety three (193) day period, the amount due according to Defendant's Demand allegedly increased Two Thousand Eight Hundred Twenty-One Dollars and six cents ($2,821.06) (the "Increase in Debt"). The Increase in Debt represents an unauthorized charge being improperly added by Defendant. The Increase in Debt does not represent a reasonable collection charge or the actual cost of collection. The Increase in Debt does not represent reasonable attorneys' fees. The Increase in Debt by Defendant was done in violation of the FDCPA.

## LEGAL CLAIMS

1.  Plaintiff has made claims stated in the Complaint under the Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. §1692c(b), 15 U.S.C. §1692b(2), 15 U.S.C. 1692e, 15 U.S.C 1692e(2)(A) and (B),15 U.S.C. 1692e(10) and 15 U.S.C. 1692f(1).

2.  Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692c(b) for Defendant's third-party disclosures to Plaintiff's brother and is entitled to statutory damages for same.

3.  Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692b(2) for Defendant's third party disclosures to Plaintiff's brother and is entitled to statutory damages for same.

4. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e for Defendant's attempt to collect an amount not expressly authorized by the agreement or permitted at law and is entitled to statutory damages for same.

5. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(2)(A) for Defendant's misrepresentation as to the character and the amount of the alleged debt and is entitled to statutory damages for same.

6. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(2)(B) for Defendant's misrepresentation as the compensation that lawfully may be received by Defendant for collection of the alleged debt and is entitled to statutory damages for same.

7. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(10) for Defendant's deceptive use of statement's that reflect the amount other than that which Defendant is lawfully allowed to collect and is entitled to statutory damages for same.

8. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692f(1) for Defendant's attempt to collect an amount that was not expressly authorized by the agreement creating the alleged debt or permitted by law and is entitled to statutory damages for same.

## DAMAGES

9. Pursuant to 15 U.S.C §1692k(2), Plaintiff is entitled to statutory damages in the amount not to exceed $1,000.00 for Defendant's multiple violations of the FDCPA, as outline above.

10. Pursuant to 15 U.S.C. §1692k(3), Plaintiff is entitled to recover his attorneys' fees and costs in the amount of $4,990.59. *See* Declaration of Time attached hereto as Exhibit "2".

WHEREFORE, Plaintiff, ERIC SCHUMANN, respectfully requests that this Court enter a Final Default Judgment against Defendant, OXFORD LAW, LLC, awarding Plaintiff

$1,000.00 in statutory damages, awarding Plaintiff his attorneys' fees and costs in the amount of $4,990.59, and granting any other relief the Court deems just and proper.

Dated: 11/24/14

Respectfully Submitted,

**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Fax: (954) 573-2798

BY: _____
Jason S. Weiss
Jason@jswlawyer.com
Florida Bar No. 356890
Peter S. Leiner
Peter@jswlawyer.com
Florida Bar No. 104527