UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC SCHUMANN,

      Plaintiff,

v.                     Case No. 8:14-cv-2314-T-33TBM

OXFORD LAW, LLC,

      Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Eric Schumann's Motion for Default Judgment (Doc. # 10), filed on November 24, 2014. In support of his request, Schumann relies upon the record of this case and declarations submitted therewith and did not request a hearing. (<u>Id.</u>). For the reasons that follow, the Court grants the Motion.

**I.  Background**

On September 15, 2014, Schumann filed this action against Defendant Oxford Law, LLC alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). (Doc. # 1). Oxford Law, LLC failed to timely appear and respond in this action. As a result, Schumann applied for Clerk's entry of default against Oxford Law, LLC

on October 28, 2014. (Doc. # 5). On October 31, 2014, the Clerk entered default against Oxford Law, LLC. (Doc. # 6).

Thereafter, on November 20, 2014, Schumann filed his first Motion for Default Judgment against Oxford Law, LLC. (Doc. # 8). This Court denied Schumann's Motion without prejudice and directed him to re-file the Motion with a memorandum of law. (Doc. # 9). Accordingly, on November 24, 2014, Schumann filed the present Motion and Memorandum in Support of Default Judgment. (Doc. # 10).

## II.   Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank,

2

515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**III. Discussion**

Schumann initiated this action alleging several violations of the FDCPA. (See Doc. # 1).

In order to prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)(quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). The Court addresses each factor raised by Schumann in turn.

**A. Collection Activity Arising from a Consumer Debt**

The initial determination - whether Schumann has been the object of a collection activity arising from a consumer debt - has two requirements. Frazier v. Absolute Collection

Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011). First, there must be collection activity. Id. Second, this activity must relate to a consumer debt. Id. Each requirement is discussed below, starting with collection activity.

The "FDCPA does not expressly define 'collection activity.'" LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010). Nonetheless, "[w]hile the statute contains no clear definition of what constitutes a 'debt collection activity,' courts, in attempting to effect the purpose of the FDCPA, are lenient with its application." Sanz v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) (citing Heintz v. Jenkins, 514 U.S. 291, 293–96 (1995)).

In the present matter, the Complaint alleges that Oxford Law, LLC made numerous telephone calls to Schumann regarding the repayment of an alleged debt. (Doc. # 1 at 2-3). This Court finds that these telephonic communications, which were aimed at collecting a debt, constitute collection activity.

The Court next turns to whether the collection activity was aimed at collecting a consumer debt. Pursuant to 15 U.S.C. § 1692a(5), a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family, or household purposes." Thus, the FDCPA is limited to "consumer debt,"

4

_Heintz_, 514 U.S. at 293, and does not cover business debts, _Lingo v. City of Albany Dep't of Cmty & Econ. Dev._, 195 F. App'x 891, 893 (11th Cir. 2006).

In his Complaint, Schumann asserted that the "alleged debt is subject to personal, family or household purposes and is a 'debt' as defined by 15 U.S.C. § 1692a(5) of the FDCPA." (Doc. # 1 at ¶ 6). Upon consideration, the Court finds that the well-pled allegations in the Complaint demonstrate that Schumann's debt constituted a consumer debt. Accordingly, Schumann has established the first element of his FDCPA claim — there was collection activity of a consumer debt.

### B. **Debt Collector**

A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6). According to the Complaint, Oxford Law, LLC is "a debt collector" who made numerous telephone calls to Schumann in order to collect a debt. (Doc. # 1 at 2). Taking the well-pled allegations in the Complaint as true, the Court concludes that Schumann has established that Oxford Law, LLC was a debt collector, and

thus, Schumann has satisfied the second element of his FDCPA claim.

## C. **Acts Prohibited under the FDCPA**

In his Motion, Schumann indicates that Oxford Law, LLC violated 15 U.S.C. §§ 1692c(b), 1692b(2), 1692e, 1692e(2)(A) and (B), 1692e(10), and 1692f(1). The Court will address each allegation in turn.

### a. **15 U.S.C. § 1692c(b)**

15 U.S.C. § 1692c(b), states in pertinent part:

(b) Communication with third parties

Except as provided in [15 U.S.C. § 1692(b)], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c (b). According to the Complaint, Oxford Law, LLC contacted third parties regarding the collection of Schumann's debt. (Doc. # 1 at 2). Namely, Schumann's brother was informed about the alleged debt. (Id. at 3); see 15 U.S.C. § 1692c (b). Schumann contends that "on or about November 20, 2013, [Schumann's] brother, John Schumann, received a

6

telephone call from Defendant's agent that went to voicemail.

Defendant's agent left a voicemail that provided the Brother

with [Schumann's] account number and a request to provide a

return call to Defendant." (Id.). As such, the well-pled

allegations in the Complaint establish that Oxford Law, LLC

violated 15 U.S.C. § 1692c(b).

### b. **15 U.S.C. § 1692b (2)**

According to 15 U.S.C. § 1692b(2)

> Any debt collector communicating with any person
> other than the consumer for the purpose of
> acquiring location information about the consumer
> shall —

> * * *

> (2) not state that such consumer owes any debt.

15 U.S.C. §§ 1692b (2). According to the Complaint and as

stated above, Oxford Law, LLC contacted third parties

regarding the collection of Schumann's debt. (Doc. # 1 at 2).

Namely, Schumann's brother was informed about the alleged

debt. (Id. at 3); see 15 U.S.C. § 1692b (2). Schumann contends

that "on or about November 20, 2013, [Schumann's] brother,

John Schumann, ('Brother') received a telephone call from

Defendant's agent that went to voicemail. Defendant's agent

left a voicemail that provided the Brother with [Schumann's]

account number and a request to provide a return call to

7

Defendant." (Id. at ¶ 12). Schumann's Brother believed the voicemails related to his own personal affairs, whereupon he returned Oxford Law, LLC's call. (Id. at ¶ 13). Oxford Law, LLC's agent then began "a course of disclosing personal, confidential information relating to [Schumann], including, but not limited to, disclosing to the Brother that [Schumann] owed a debt and that [Oxford Law, LLC] was attempting to collect same." (Id. at ¶ 15). As such, the well-pled allegations in the Complaint establish that Oxford Law, LLC violated 15 U.S.C. § 1692b(2).

### c. 15 U.S.C. §§ 1692e, 1692e(2)(A) and (B), and 1692e(10)

According to 15 U.S.C. § 1692e,

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of —

    (A)  the character, amount, or legal status of any debt;

    (B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

* * *

8

> (10) The use of any false representation or
> deceptive means to collect or attempt to collect
> any debt or to obtain information concerning a
> consumer.

15 U.S.C. §§ 1692e, 1692e(2)(A) and (B), and 1692e(10).

According to Schumann, he stated a claim for violations under 1692e for (1) Defendant's attempt to collect an amount not expressly authorized by the agreement or permitted at law, (2) Defendant's misrepresentation as to the character and amount of the alleged debt, (3) Defendant's misrepresentation as the compensation that lawfully may be received by Defendant for collection of the alleged debt, and (4) Defendant's deceptive use of statement's that reflect the amount other than that which Defendant is lawfully allowed to collect. (Doc. # 10 at 4).

Schumann's Complaint alleges that Oxford Law, LLC began calling him around November 19, 2013. (Doc. # 1 at ¶ 7). Oxford Law, LLC's agent "began requesting personal information from [Schumann]. [Schumann] informed [Oxford Law, LLC's agent] that he was unsure of the alleged debt and that he had been the victim of identity theft." (Id. at ¶ 8). Oxford Law, LLC's agent "referenced a written demand to [Schumann] from [Oxford Law, LLC], but [Schumann] had not

received same at the time of the call. Due to his continuing fears arising from the identity theft, [Schumann] continued to refuse to provide his personal information over the telephone to [Oxford Law, LLC's] agent." (<u>Id.</u> at ¶ 9). The Oxford Law, LLC agent then began to verbally harass Schumann and threatened to track him down and "make his life horrible." (<u>Id.</u> at ¶ 10).

Thereafter, "on or about November 20, 2013, [Schumann's] brother, John Schumann, ("Brother") received a telephone call from Defendant's agent that went to voicemail. Defendant's agent left a voicemail that provided the Brother with [Schumann's] account number and a request to provide a return call to Defendant." (<u>Id.</u> at ¶ 12). Schumann's Brother believed the voicemails related to his own personal affairs, whereupon he returned Oxford Law, LLC's call. (<u>Id.</u> at ¶ 13). Oxford Law, LLC's agent then began "a course of disclosing personal, confidential information relating to [Schumann], including, but not limited to, disclosing to the Brother that [Schumann] owed a debt and that [Oxford Law, LLC] was attempting to collect same." (<u>Id.</u> at ¶ 15). Furthermore, Schumann received a demand from Oxford Law, LLC on November 18, 2013, which "provided that the original creditor was 'CHASE-WAMU.'

However, Oxford Law, LLC's client was 'MSW CAPITAL.'" (<u>Id.</u> at ¶ 18). The amount allegedly due was $10,672.56. (<u>Id.</u>).

Prior to being contacted by Oxford Law, LLC, Schumann received a demand from a different collection company dated May 9, 2013. (<u>Id.</u> at ¶ 19). The original demand "provided that the original creditor was 'CHASE-WAMU,' that the current creditor was 'MSW CAPITAL, LLC,' and the total amount due was $7,851.50." (<u>Id.</u>). Schumann states that (1) the increase in debt represents an unauthorized charge being improperly added by Oxford Law, LLC, (2) the increase in debt does not represent a reasonable collection charge or the actual cost of collection, and (3) the increase in debt does not represent reasonable attorneys' fees. (<u>Id.</u> at ¶¶ 23-25). As a result, the well-pled allegations in the Complaint demonstrate that Oxford Law, LLC violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and (B), and 1692e(10).

### d. <u>15 U.S.C. § 1692f(1)</u>

According to 15 U.S.C. § 1692f,

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such

> amount is expressly authorized by the
> agreement creating the debt or permitted by
> law.

15 U.S.C. § 1692f(1).

As set forth and detailed above, "on or about November 20, 2013, [Schumann's] brother, John Schumann, ("Brother") received a telephone call from Defendant's agent that went to voicemail. Defendant's agent left a voicemail that provided the Brother with [Schumann's] account number and a request to provide a return call to Defendant." (Doc. # 1 at ¶ 12). Schumann's Brother believed the voicemails related to his own personal affairs, whereupon he returned Oxford Law, LLC's call. (Id. at ¶ 13). Oxford Law, LLC's agent then began "a course of disclosing personal, confidential information relating to [Schumann], including, but not limited to, disclosing to the Brother that [Schumann] owed a debt and that [Oxford Law, LLC] was attempting to collect same." (Id. at ¶ 15). Therefore, Schumann has sufficiently alleged a violation of 15 U.S.C. § 1692f(1).

Accordingly, as the well-pled allegations demonstrate the elements necessary to prove a FDCPA claim, the Court finds that Schumann has established that he is entitled to a default judgment against Oxford Law, LLC on his FDCPA claim.

## IV.  **Damages**

Pursuant to 15 U.S.C. 1692k,

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . .

* * *

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .

(b) Factors considered by court

In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors –

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. . . .

15 U.S.C. § 1692k.

Schumann requests statutory damages under the FDCPA.

(Doc. # 10 at 4). Schumann has alleged, and Oxford Law, LLC

is deemed to have admitted, that Oxford Law, LLC's harassment of Schumann is exactly the kind of debt collection the FDCPA was enacted to prevent. Schumann is entitled to the maximum amount of statutory damages allowed under the FDCPA. (Id.). Therefore, pursuant to 15 U.S.C. § 1692k, Schumann is entitled to statutory damages in the amount of $1,000.00 for Oxford Law, LLC's violations of the FDCPA.

This Court notes that Schumann requested actual damages for Oxford Law, LLC's violations in the Complaint. (See Doc. # 1 at ¶¶ 27-28). However, Schumann makes no mention nor provides any supporting evidence for entitlement to an award for actual damages within his Motion for Default Judgment. (See Doc. # 10). "A plaintiff's claim that the creditor caused him embarrassment, without more, does not merit an award of actual damages." Alecca v. AMG Managing Partners, LLC, No. 3:13-CV-163-J-39PDB, 2014 WL 2987702, at *2 (M.D. Fla. July 2, 2014).

Furthermore, although Schumann mentions an amount due for actual and compensatory damages within the affidavit of fees and costs attached to the Motion, which in itself does not warrant an award of such damages. (Doc. # 10-2 at 2). Likewise, Schumann's own proposed Order on the present Motion for Default Judgment does not include an award of actual

14

damages and clearly states entitlement to statutory damages and attorneys' fees and costs only. (See Doc. # 10-3). As Schumann has failed to address or proffer sufficient evidence for an award of "actual and compensatory" damages, this Court declines to award such relief.

**V.    Attorneys' Fees**

Schumann further requests an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k. (Doc. # 10). Schumann's counsel contends that to date, he has incurred attorneys' fees in the amount of $3,512.50, which represents a reasonable attorneys' fee in light of the experience of counsel, the nature of the case, and the services provided. (Doc. # 10-2). Furthermore, Schumann's counsel requests an award of costs in the amount of $478.09. (Id.). Upon review of Schumann's Motion and the accompanying Fee Declaration by Schumann's counsel (Doc. # 10, 10-2), the Court determines that the attorneys' fees requested are reasonable.

This Court is afforded broad discretion in addressing attorneys' fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for

making these determinations.")(internal citation omitted). The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

This case was neither complex nor labor-intensive. This case did not proceed to trial, and in fact, Schumann's counsel was not required to participate in any hearings, draft any dispositive motions, or participate in any significant amount of discovery. Furthermore, this case did not present novel or difficult questions for the Court or counsel. However, Schumann's counsel appropriately provided a fee and costs affidavit for this Court's review. (Doc. # 10-1). These documents justify the fee requested.

Upon due consideration, and for the reasons specified above, the Court finds the fees and costs requested in this case to be reasonable.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiff Eric Schumann's Motion for Default Judgment (Doc. # 10) is **GRANTED** as provided herein.

(2)  The Clerk is directed to enter judgment in favor of Plaintiff Eric Schumann and against Defendant Oxford Law, LLC in the amount of **$4,990.59**, which includes $1,000.00 for statutory damages, $3,512.50 for attorneys' fees, and $478.09 for costs.

(3)  Upon entry of judgment, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of December, 2014.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record

17